PETERSON, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, October 31, 1905.**

STREET RAILWAYS: Personal Injuries: Contributory Negligence: Prima Facie Case. In an action for personal injuries caused by a collision between the plaintiff's buggy and a car of the defendant, a street railway company, the plaintiff testified that before driving onto the street where the defendant's tracks were, he looked to see if a car was approaching and could see the full length of a block; that he then drove from thirty to thirty-five feet and turned to cross the track without again looking; that he depended upon the motorman to warn him of the approach of a car, if one was coming, by sounding the gong. The speed of a street car was limited by ordinance to ten miles an hour, and there was evidence tending to show that it was running in excess of that speed. *Held*, whether the plaintiff was guilty of contributory negligence was a question for the jury.

Appeal from Washington Circuit Court.—*Hon. Frank R. Dearing*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Edward T. Miller* for appellant.

The court erred in overruling defendant's demurrer to the evidence, and in refusing its requested peremptory instruction. Zurfluh v. Railway, 46 Mo. App. 636; Cogan v. Railway, 101 Mo. App. 179; Barrie v. St. Louis Transit Co., 102 Mo. App. 87; Spiro v. St. Louis Transit Co., 102 Mo. App. 250; Kellny v. Railroad, 101 Mo. 67; Holwerson v. Railway, 157 Mo. 216; Tanner v. Railway, 161 Mo. 497; Van Bach v. Railroad, 171 Mo. 338; Guyer v. Railroad, 174 Mo. 344; Moore v. Railway, 176 Mo. 528; Petty v. Railway, 179 Mo. 666; Ries v. St. Louis Transit Co., 179 Mo. 1; McGauley v. St. Louis Transit

Co., 179 Mo. 583; Roenfeldt v. Railway, 79 S. W. 706; Reno v. Railway, 79 S. W. 464.

*Barclay & Fauntleroy* and *Richard F. Ralph* for respondent.

(1)  Defendant was guilty of negligence in failing to check the car so as to avoid a collision with plaintiff's buggy, lawfully driving along a public street on which defendant had a mere license to run its cars.  Defendant had no exclusive right to any part of the street. Scullin v. Wabash Co., 83 S. W. 760; Esler v. Wabash Co., 83 S. W. 73; Union Biscuit Co. v. Transit Co., 83 S. W. 288; K. C., etc., Co. v. St. Jo. Term. Co., 97 Mo. 470; Fearons v. Railway, 180 Mo. 208; Moritz v.Transit .Co., 102 Mo. App. 657; Buren v. Transit Co., 104 Mo. App. 224.  (2)  Defendant's act in running its car into the plaintiff's buggy, going in the same direction, without any warning by gong or otherwise, was gross negligence.  The act itself was admitted by the motorman. Frank v. Transit Co., 99 Mo. App. 323; Noll v. Transit Co., 100 Mo. App. 367; Meyers v. Transit Co., 99 Mo. App. 323; Payne v. Railroad, 105 Mo. App. 155; Baxter Case, 103 Mo. App. 597; Dairy Co. v. Transit Co., 103 Mo. App. 90.  (3)  The motorman discovered the peril of the buggy (i. e., that it was running close to the track) nearly two hundred feet before reaching the point of collision, in broad daylight, and yet the car ran three hundred feet after the shock of the collision, demonstrating no care whatever to check the car.  Kellny v. Railway, 101 Mo. 67; McAndrew v. Railway, 88 Mo. 97. (4)  While plaintiff (as in the case next cited) "did not count on the excessive speed of the car as negligence," that speed "was material to the main issue whether defendant did all it could to avoid the injury after its motorman discovered" the dangerous proximity of the buggy in this case to the track of the car.  Klockenbrink v. Railway, 172 Mo. 690.  (5)  Plaintiff's use of the

street was characterized by due care. He looked both ways for cars before driving into Clark avenue, or near the track. He was in a storm-buggy, as it was midwinter, December 29. He was driving a new horse for the first time, and had the safety of his little nephew (who was seated next to him) in his keeping. While he was driving down Clark avenue half a block, to his place of business, he was not bound (as a matter of law) to give his exclusive attention to the subject whether the defendant would run a car into his buggy from the rear, without giving customary warning of its approach. His conduct was that of any ordinarily careful citizen in like circumstances. The jury found that it was not negligent as a matter of fact. It was not negligent in law. Hutchinson v. Railroad, 88 Mo. App. 376; McAndrew v. Railway, 88 Mo. App. 97; Schafstette v. Railway, 175 Mo. 142; Linder v. Transit Co., 103 Mo. App. 143. All of the foregoing citations refer to persons in vehicles run into from behind. It is now the settled law that plaintiff had a right to suppose (till he learned better) that defendant would observe its duty to give warning, by gong or otherwise, before running him down. Riska v. Railroad, 180 Mo. 190; Weller v. Railroad, 164 Mo. 180.

BLAND, P. J.—Plaintiff was crossing Clark avenue, in the city of St. Louis, riding in his one-horse storm-buggy. The buggy and horse were struck by one of defendant's cars, traveling east, and pushed along the track, causing the horse to fall upon the fender, but he recovered and, from fright, ran down Twenty-first street and into a fence where the buggy was upset and the plaintiff thrown out and badly injured. The buggy was broken, the harness destroyed and the horse rendered practically worthless. The grounds of negligence assigned in the petition and relied on at the trial were, first, the violation of the vigilant watch ordinance; second, failure to warn plaintiff of the approach of the

car; third, failure of the motorman in charge of the car to exercise ordinary care to stop the car to avoid injuring plaintiff.

The answer was a general denial and a plea of contributory negligence.

Plaintiff's evidence is that at the time of the injury, he was in the laundry business at No. 2139 Clark avenue (on the north side of the street) and had been engaged in that business for fifteen years. Clark avenue runs east and west and Twenty-first and Twenty-second streets run north and south and across Clark avenue at right angles. Plaintiff testified that he drove out of Twenty-second street onto Clark avenue, turned east and drove along the side of the railroad track from thirty to thirty-five feet, then turned to drive across the street. Just as the front wheels of the buggy were on the track the car struck the buggy and shoved it along on the track about ten feet. This shoving of the buggy brought the horse around and in contact with the car, causing him to fall on the fender but he got upon his feet and ran away down Twenty-first street and into a fence. The curtains of plaintiff's storm-buggy were down. Plaintiff testified that just before driving into Clark avenue, he looked west along that street and could see, at least, the length of the block, but that he saw no car coming. Plaintiff further testified that he did not look again to see if a car was coming, that if he had looked when he turned to cross the street he could have seen the car, but that he did not look for the reason he depended upon the motorman to sound the gong and warn him of the approach of the car, if one was coming.

The motorman, in charge of the car, introduced by the plaintiff as a witness, testified that when he was a block west of Twenty-second street he saw the plaintiff drive on to Clark avenue and turn east and drive diagonally toward the track, and that he at once turned on the brake to check the speed of the car, but the brake would not work, and when he saw he would probably

collide with plaintiff's buggy he reversed the power but was unable to stop in time to prevent a collision, and that the car did not stop until it had proceeded about one hundred feet beyond the point of collision.

1. At the close of the evidence, defendant moved for a peremptory instruction, which the court refused to give.

Defendant strenuously insists that the plaintiff's own evidence conclusively shows that he was guilty of contributory negligence, and for this reason should have been nonsuited. Plaintiff's testimony is that just before driving on Clark avenue he looked west and could see the full length of the block and there was no car in sight; that he then drove from thirty to thirty-five feet east on Clark avenue and turned to cross the track without again looking west for a car, that he depended upon the motorman to warn him of the approach of a car, if one was coming, by sounding the gong.

The ordinary speed of a street car in the city of St. Louis is not in excess of ten miles per hour—a city ordinance prohibits a greater speed. Plaintiff, from his long residence in the city, was familiar with the speed at which street cars run, and had a right to assume that one would not be running in excess of the speed prohibited by ordinance, and it is more than probable that had the car which collided with plaintiff's buggy been running at an ordinary speed it would not have reached plaintiff before he had safely crossed the track; if so, then it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence. Again his evidence shows that it was not convenient for him to stoop over and look around the curtains of his buggy to see if a car was coming, and also, that his sight was bad. For these reasons plaintiff depended upon his sense of hearing to warn him of the approach of a car. Plaintiff was listening and, if the motorman had performed his duty and sounded the gong, the probabilities are plaintiff would have heard and stopped his horse

until the car passed before undertaking to cross the track. In any view of the case, it is not apparent that the plaintiff was guilty of contributory negligence as a matter of law. Whether plaintiff was guilty or not of contributory negligence, we think, was a question for the jury, not the court. The question was submitted to them under proper instructions and their finding, approved by the trial court, is binding upon us.

No other assignments of error are made that require consideration.

The judgment is affirmed. All concur.