JAMES WINN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. **STREET RAILWAYS: Collision: Negligence: Evidence.** The evidence relating to the collision of a street car with a wagon is reviewed and held sufficient to send the case to the jury on the question of negligence and contributory negligence.

2. ———: ———: ———: **Traveler's Duty.** A traveler approaching a railway track must use his sense of sight or hearing to ascertain danger. He is not required to "both look and listen;" and where he cannot do the one he should do the other.

3. ———: ———: ———: ———: **Jury Question.** Where the traveler relies upon the gripman's bell and does not look for an approaching car, it is a question for the jury to say whether he is guilty of negligence or not.

4. ———: ———: ———: ———: **Humanitarian Doctrine.** Where the traveler is in peril by his own negligence, he is still entitled to recovery if the gripman saw his danger in time to avert the collision.

5. **DAMAGES: Verdict: Excessive: Passion.** A verdict for $2,000 is held not excessive or indicative of bias on the part of the jury.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Henry S. Conrad* for appellant.

(1) There was no issue of fact as to notice by ringing bell or sounding gong on car. Bennett v. Railroad, — Mo. App. —; Shaw v. Railroad, 104 Mo. 648; Saunders v. Railroad, 147 Mo. 411; Cathcart v. Railroad, 19 Mo. App. 113; Summerville v. Railroad, 29 Mo. App. 48. (2) Plaintiff was guilty of contributory negligence. Davies v. Railroad, 159 Mo. 6; Moore v. Rail-

road, 176 Mo. 543; Bennett v. Railroad, — Mo. App. —; Fellenz v. Railroad, 106 Mo. App. 162; Fanning v. Transit Co., 103 Mo. App. 151; Tanner v. Railroad, 161 Mo. 497; Kelley v. Railroad, 101 Mo. 67; Holwerson v. Railroad, 157 Mo. 216; Van Bach v. Railroad, 171 Mo. 338; Guyer v. Railroad, 174 Mo. 344; Rice v. Railroad, 92 Mo. App. 35; Septowsky v. Transit Co., 102 Mo. App. 110, 76 S. W. 693. (3) The defendant was guilty of no negligence. Bennett v. Railroad, — Mo. App. —; Markowitz v. Railroad, 186 Mo. 350; Kelley v. Railroad, 101 Mo. 67; Morgan v. Railroad, 159 Mo. 262; Klockenbrink v. Railroad, 172 Mo. 678; Moore v. Lindell, 176 Mo. 546; Aldrich v. Transit Co., 101 Mo. App. 77; Brewing Assn. v. Talbott, 141 Mo. 674; Fuchs v. St. Louis, 133 Mo. 168; Boyd v. Railroad, 105 Mo. 371; Hill v. Drug Co., 140 Mo. 433; Sharp v. Railroad, 101 Mo. 214; Tanner v. Railroad, 161 Mo. 497; Shank v. Traction Co., 101 Mo. App. 702; Petty v. Railroad, 179 Mo. 666; Ries v. Transit Co., 179 Mo. 1; Roenfeldt v. Railroad, 180 Mo. 554. (4) The court erred in giving and refusing instructions. Bennett v. Railroad, — Mo. App. —; Shaw v. Railroad, 104 Mo. 648; Saunders v. Railroad, 147 Mo. 411; Cathcart v. Railroad, 19 Mo. App. 113; Summerville v. Railroad, 29 Mo. App. 48; Dairy Co. v. Transit Co., 103 Mo. App. 93; Hickman v. Railroad, 47 Mo. App. 65; Smith v. Railroad, 52 Mo. App. 36; Barrie v. Transit Co., 102 Mo. App. 87; Bunyan v. Railroad, 127 Mo. 12; Riska v. Railroad, 180 Mo. 168; Dairy Co. v. Transit Co., 98 Mo. App. 20. (5) The verdict is opposed to the weight of the evidence to such an extent that it is the unmistakable result of bias. O'Hara v. Iron & Foundry Co., 66 Mo. App. 53; Graney v. Railroad, 157 Mo. 680; Friesz v. Fallon, 24 Mo. App. 439; Hickman v. Railroad, 47 Mo. App. 65; Walton v. Railroad, 40 Mo. App. 544; Weaver v. Railroad, 60 Mo. App. 210. (6) The verdict is excessive. Stoetzele v. Swearingen, 90 Mo. App. 588; Haynes v. Trenton, 108 Mo. 123.

*Burnham & Brewster* for respondent.

Filed an argument.

BROADDUS, P. J.—On the 16th day of October, 1903, while riding in a wagon on Twelfth street in Kansas City, Missouri, plaintiff was injured in a collision with a street car of defendant operated by a cable. This suit is for damages occasioned by said injury. The petition alleges that the plaintiff was without fault on his part, but that defendant was negligent in not ringing its bell to warn him of the approaching car in time for him to have avoided the danger, and in failing to stop the car after it discovered his peril, or that by the exercise of ordinary care it might and would have seen the wagon on the track in time to have so avoided said collision by the exercise of such care.

Plaintiff testified that he was riding in a furniture wagon loaded with stoves; that he was in the rear part of the wagon, between the rear end gate of the wagon and the stoves in front of him, the wagon being driven by one Curtis Martin; that both himself and Martin were in the employ of the Buchanan Furniture Wagon; that the stoves of the company were stored in a warehouse in the alley between McGee and Oak streets on the south side of Twelfth street; that the wagon had been driven by Martin to this warehouse and loaded to be taken to store-house of said company; that in coming out of the alley the wagon was driven north across the defendant's tracks, and then proceeded west across Grand avenue which is the next street west of McGee street; that after the wagon crossed Grand avenue it turned south upon the north track to avoid a defect in the street, at which time he saw a car on Twelfth street one block away coming from the east; that it was the custom of the defendant to stop its cars before it crossed Grand avenue as there were intersecting tracks at that

121 App—40

point but he was not positive whether it did so or not on that occasion; that the wagon was then driven on for nearly half a block for the purpose of going into an alley that led to the place of destination; that about twenty feet before this alley was reached the collision occurred, at which time the driver "was making a turn with his team, just started to swing the team in off of the track," at which time he was steadying the stoves; and that when the wagon started to turn, he says he did not know "whether it stood still or kept moving" the car struck it, which had the effect of turning the stoves against and injuring him.   That the occurrence was on a bright cool morning, and that he had no warning that the car was coming; that the car struck the rear end of the wagon; that the force was sufficient to break every stove in the wagon; and that the car at the time was going at the rate of about eight miles an hour.   On cross-examination he testified that, after first seeing the car a block east of him he did not look for it again; that the cable cars make a great noise in crossing the tracks on Grand avenue; that he said nothing to the driver about the approaching car; that he does not know whether he looked for it or not; that he could have heard the bell if it had been rung although the rattling stoves were making a noise; and that the noise made by the stoves and that of the moving car commonly was about the same.

Another witness by the name of McCracken who was at the place and saw the wagon and approaching car, and who was expecting a collision said that, he did not hear the ringing of a bell, and that at the time he was standing about twenty feet from the wagon when he first saw the wagon on the track the car was about sixty feet away.

The driver, Martin. who testified for defendant stated, that, he had crossed the track to turn into the alley when he discovered the hole in the street, he then pulled upon the reins which had the effect of backing

the wagon partly upon the track, at which time it was struck by the car. He stated that there was so much noise made by the rattling of the stoves and other noises that he could not say whether he heard the bell rung or not.

Defendant's gripman stated that, as the car was going west on Twelfth street, and while he was crossing Grand avenue his attention was called to the wagon in question; that it was north of the track at a safe distance for the car to pass; that he continued to observe the wagon when at about the intersection of the alley the driver suddenly turned on the track as if to go south; that he cried out and applied his brakes to stop; that when the wagon was almost across the horse suddenly stopped and the car struck its hind wheels; that he could not have been more than twenty feet from the wagon when it attempted to cross; and that he rang the bell, hallooed at the parties, and that the car had almost come to a stop when it struck the wagon. The conductor corroborates the gripman as to his ringing the bell, and that when he first saw the wagon it had just got onto the track in front of the car, and that he felt the catch of the brakes. On cross-examination he stated that he did not know how long the wagon had been on the track before it was struck; and that he never saw the wagon till it was on the track. Other witnesses corroborate the gripman as to the wagon being on the north side of the track and then getting onto the track again going south and then stopping on the track when it was nearly over, at which time it was struck by the car. And also corroborated his evidence that the bell was rung. But Proctor, one of defendant's witnesses, testified that he did not think the wagon was entirely off the tracks when the driver pulled them south. He says however when nearly off the tracks the wagon stopped before it was struck, at which time the car was

about twenty feet distant.    He did not remember whether the bell was rung or not.

The jury returned a verdict in favor of the plaintiff in the sum of $2,000 on which judgment was rendered and defendant appealed.    The defendant's principal grievance is, that, the court erred in not sustaining its demurrer to plaintiff's evidence.

The defendant's evidence is very strong to the effect that, when it passed Grand avenue going west the wagon in which plaintiff was riding was on the north side of the track and that it turned south to cross the track when it was struck; and that after it so got upon the track the gripman, although he rang the bell and made every possible effort to stop the car to prevent striking the wagon, was unable to do so in so short a distance.    Its testimony in that respect is somewhat weakened by that of its witness, Proctor, as stated that at no time was the wagon off the tracks until it got across on the south side of them when the driver pulled the reins and stopped it at which time the car struck one of the wheels.    The gripman says he saw the wagon while he was crossing Grand avenue, which must be true as there was no obstruction to his vision, and if it was then on the track going west it was his duty to have given warning and to have slackened his speed so that the driver could have left the tracks for the passage of the car.    We are not passing on the burden of proof but merely stating the case.    And if the plaintiff is to be believed that the wagon was on the track from the time it left Grand avenue, a distance of ninety feet, until it was struck, corroborated as it was by that of McCracken that the car was sixty feet distant while the wagon was on the track, the case was one for the jury and not for the court.

It is insisted by the defendant that plaintiff should have both looked and listened for the approaching car as he knew it was coming.    But such is not the law as

applicable to all cases. It is a question for the jury.
[Schmidt v. Railroad, 191 Mo. 215; Peterson v. Transit
Co., 114 Mo. App. 374; Lang v. Railroad, 115 Mo. App.
489.] Plaintiff stated that, he could have heard the
bell had it rung, and that it did not ring. In the former
case it is said; "The general rule is that a traveler know-
ingly approaching a railroad track must use his sense of
sight or hearing to ascertain if there is danger. The cir-
cumstances may not require that he both look and listen.
But common prudence requires that he do one or the
other, and if he cannot hear, that he look."

The plaintiff had the right to be on the street with
the wagon in question, or to cross it in order to get to
the alley; and he was not negligent in either case, if
he used proper precaution for his own safety. If he re-
lied upon hearing the gripman's bell and did not look
for the approaching car it was a question for the jury
to say whether he was guilty of negligence or not.
[Peterson v. Transit Co., supra.] It was not therefore
error to submit the case upon the ground of defendant's
negligence and the contributory negligence of defend-
ant.

But assuming that the plaintiff was placed in peril
as the result of his own negligence, he was entitled to
recover if defendant's gripman saw his danger in time
to have averted the collision or that he could have seen
it had he looked and failed to exercise ordinary care to
avoid injuring him. Defendant's counsel rightly insist
that under the humane doctrine the act of the gripman
must have been willful, wanton or reckless, but they have
failed to tell us what these words mean. But the Su-
preme Court in the late case of Moore v. Railroad, 92
S. W. 390, characterize such omission of duty as wanton
and reckless. We find no fault with any of plaintiff's
instructions on that question.

Defendant insists that the amount of the verdict
shows that the jury were biased. The evidence is that

the injury was to plaintiff's knee, and that it was permanent and is likely to grow worse. That he cannot properly extend his leg, that it pains him and will continue to do so in the future. Under such evidence we do not feel justified in holding that the verdict is excessive or that it evidenced any bias upon the part of the jury.

Affirmed. All concur.